UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

LISA M. OGA,

Plaintiff,

v

UNITED STATES OF AMERICA,
BAY MILLS INDIAN COMMUNITY,
and JORDAN A. LEBLANC,

Defendants.

**COMPLAINT**

Case No. 20-135-NI

JOSHUA T. MCFARLAND (P75437)
GREGORY P. JAHN (P33821)
JAY TRUCKS & ASSOCIATES, P.C.
Attorneys for Plaintiff
600 Pine Street
Clare, MI 48617
(989) 386-3456

/

NOW COMES Plaintiff, LISA M. OGA, and for her causes of action against Defendants, states as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to The Federal Tort Claims Act (FTCA), 28 U.S.C. Section 1346(B), 2671 et seq., against The United States of America, which vests exclusive subject matter jurisdiction of The Federal Tort Claims Litigation in The Federal District Court.

2. Also, those claims asserted herein against the Defendants, Bay Mills Indian Community and Jordan A. LeBlanc, The Federal Court has supplemental jurisdiction pursuant to 28 U.S.C. Section 1367(a).

3. Venue is proper in The Western District of Michigan pursuant to 28 U.S.C. Section 1391 and/or 1391(b)(2), as well as

28 U.S.C. Section 1391(e)(1), because The United States of America is a Defendant, and Defendant, Jordan A. LeBlanc, and Defendant, Bay Mills Indian Community, are in The Western District of Michigan.

**NATURE OF THE ACTION**

4. This is a personal injury case arising out of the injury to Plaintiff, Lisa M. Oga, on or about March 31, 2018 in Mackinac County, Michigan on Interstate 75.

5. At the time and at that location, Plaintiff was a passenger in a vehicle owned by Defendant, Bay Mills Indian Community, and driven by Defendant, Jordan A. LeBlanc.

6. At the time and at that location, Plaintiff was injured when the vehicle in which she was riding lost control, as it was going too fast for conditions, and went into a median and rolled over.

**PARTIES**

7. Plaintiff brings this Complaint individually as a competent adult, who, at all times relevant hereto, resided in Sault Sainte Marie, Michigan.

8. At all relevant times, Defendant, United States of America, acted through its agency, United States Department of Health and Human Services.

9. Defendant, Bay Mills Indian Community, is an Indian Contractor under The Indian Self-Determination and Education Assistants Act (Public Law 93-638) and owner of the vehicle in this single vehicle rollover.

10. At all relevant times, Defendant, Jordan A. LeBlanc, was an employee of Bay Mills Indian Community and indirectly an agent of United States Department of Health and Human Services and was the driver of the vehicle, which Plaintiff occupied at the time of the accident.

11. At all times mentioned herein, Defendants and each of them and their associates and partners and each of them were the agent, servant, employee, assignee, permissive user, and joint venture of each other, and were acting within the time, purpose, course, and scope of such agency or permission and all acts or

omissions alleged herein of each Defendant were authorized, adopted, approved, or verified by each of the other Defendants.

## STATUTORY BASIS OF LIABILITY AGAINST THE UNITED STATES OF AMERICA

12. This case is brought against The United States of America, pursuant to 28 U.S.C. Section 2671 et seq. and 28 U.S.C. 2401 et seq., commonly referred to as the "Federal Tort Claims Act". Liability of The United States is predicated specifically on 28 U.S.C. Sections 1346(b(1) and 2674, because the personal injuries and resulting damages form the basis of this Complaint, and were proximately caused by the negligence and/or omissions of The United States of America through its agency, United States Department of Health and Human Services. These employees and their agents were acting within the course and scope of their employment, under circumstances where The United States of America if a private person, would be liable to the Plaintiff in the same matter and to the same extent as a private individual under the laws of The State of Michigan.

13. Pursuant to 28 U.S.C. Section 2675, this claim was presented to the appropriate agency of the Defendant, United States of America, namely The United States Department of Health and Human Services, on December 19, 2019 for the claims of the Plaintiff, Lisa M. Oga. Said Defendant has failed to respond and, thus, on August 10, 2020, the claims are deemed to be denied by operation of law.

## FIRST CAUSE OF ACTION-NEGLIGENCE
## (AGAINST UNITED STATES OF AMERICA)

14. Plaintiff incorporates by reference each and every prior and subsequent allegation as though set forth fully herein.

15. Defendant, United States of America, was negligent through its agency with the United States Department of Health and Human Services, its employees, assigns, and as the owner and/or operator of the vehicle Plaintiff was a passenger in, and had a duty through its driver to safely transport Plaintiff.

16. The United States, through its agency, The Department of Health and Human Services and its employee in The Bay Mills Indian Community, failed in its duty to the Plaintiff as follows:

a. Drove the motor vehicle in a careless, heedless, and reckless manner;

b. Failed to keep the motor vehicle under control;

c. Drove the motor vehicle at an excessive speed for the conditions then existing.

17. In addition, Defendant, United States of America, through its agency with The Department of Health and Human Services, The Bay Mills Indian Community, and Defendant driver, Jordan A. LeBlanc, are liable to Plaintiff for violations of the following Michigan traffic laws:

a. MCL 257.626 Reckless Driving;

b. MCL 257.626b Careless Driving;

c. MCL 257.627 Speed Restrictions; Assured Clear Distance Ahead.

18. As a proximate cause of the violations of these duties and statutes, Defendant, United States of America, is liable for the above described actions of Defendants, Bay Mills Indian Community and Jordan A. LeBlanc, as they were acting within their scope, agency, and role as agents of Defendant, United States of America, and through its agency with The Department of Health and Human Services.

19. As a result of the collision, Plaintiff sustained severe permanent and painful injuries that resulted in serious impairment of body function. MCL 500.3135.

**SECOND CAUSE OF ACTION - NEGLIGENCE**
**(AGAINST DEFENDANTS BAY MILLS INDIAN COMMUNITY**
**AND JORDAN A. LEBLANC)**

20. Plaintiff incorporates by reference each and every prior and subsequent allegation as though set forth fully herein.

21. In the alternative, should Defendants, Bay Mills Indian Community and Jordan A. LeBlanc, have liability outside The Federal Tort Claims Act, Plaintiff would have a direct cause of negligence against them.

22. At all times relevant herein, Defendant, Bay Mills Indian Community, was the registered owner of the motor vehicle

driven by Defendant, Jordan A. LeBlanc, with permission and/or in the scope of employment. MCL 257.401.

23. Defendant, Jordan A. LeBlanc, owed a duty to drive carefully, reasonably, and in accordance with the laws and rules of the common law.

24. Defendant, Jordan A. LeBlanc, breached these duties of statutory and common law as follows:

a. Drove the motor vehicle in a careless, heedless, and reckless manner;

b. Failed to keep the motor vehicle under control;

c. Drove the motor vehicle at an excessive speed for the conditions then existing.

d. MCL 257.626 Reckless Driving;

e. MCL 257.626b Careless Driving;

f. MCL 257.627 Speed Restrictions; Assured Clear Distance Ahead.

25. Defendant, Bay Mills Indian Community, breached duties of ordinary care by negligently entrusting the motor vehicle to Defendant, Jordan A. LeBlanc.

26. Defendants' violation of these standards of care and statutes were the proximate cause of the incident that caused injury and damage to Plaintiff.

27. As a result of the collision, Plaintiff sustained severe, permanent, and painful injuries that resulted in serious impairment of body function. MCL 500.3135.

## DAMAGES

28. As a direct and proximate result of the aforesaid conduct and other tortious acts and omissions of the Defendants, United States of America, Bay Mills Indian Community, and Jordan A. LeBlanc, Plaintiff suffered and continues to suffer noneconomic loss, which constitutes a serious impairment of body function under MCL 500.3135, including, but not limited to, the following:

a. Injury to her right shoulder with surgery;

b. Physical pain;

c. Emotional suffering;

d. Mental anguish and psychological trauma;

e. Fright and shock;

f. Denial of social pleasure and enjoyment;

g. Embarrassment, humiliation, or mortification;

h. Disability;

i. Disfigurement;

j. Aggravation of a pre-existing, dormant, or latent ailment or condition;

k. Future damages, pain and limitations arising from the continued use in the aging process in combination with the injury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, on all causes of action as follows:

1. For general damages according to proof;

2. For special damages according to proof;

3. For pre-judgment and post-judgment interest according to law;

4. For costs of suit incurred herein;

5. For other such relief as this Honorable Court may deem just and proper.

Dated: July 29, 2020

Respectfully submitted,

______________________________

JOSHUA T. MCFARLAND (P75437)
GREGORY P. JAHN (P33821)
JAY TRUCKS & ASSOCIATES, P.C.
Attorneys for Plaintiff
600 Pine Street
Clare, MI 48617
(989) 386-3456